[Civ. No. 15307.  Second Dist., Div. Three.  Feb. 14, 1947.]

KITTIE ODELL, Individually and as Trustee, etc., Appellant, v. MILTON C. LUTZ, JR. et al., Respondents.

George E. Atkinson, Jr., for Appellant.

Starkey & Starkey, William E. Starkey and Josephine K. Starkey for Respondents.

WOOD, J.—This is an action in declaratory relief to determine whether plaintiff has the right to visit her eight-year-old granddaughter at reasonable times. Judgment was in favor of defendants (the parents and the minor child), and the plaintiff appeals therefrom.

Plaintiff's daughter, the mother of the child, is deceased. The child's father remarried, and his wife adopted the child. There is no dispute between the father and his wife as to the custody of the child, or any dispute at all between them, and it was stipulated at the trial that they are fit and proper persons to have custody of the child. It was also stipulated that the grandmother is a fit and proper person. No question of custody is involved. The only question is whether the grandmother is entitled to an order compelling the parents to permit her to visit the child at reasonable times.

The child is the only living descendant of the plaintiff, and is also the sole beneficiary of a trust created by plaintiff's deceased husband. Plaintiff is the trustee of the trust. The trust estate is of the approximate value of $30,000, and the

corpus and income of the trust are not payable to the beneficiary until she arrives at the age of 25 years.

Appellant contends that, as the maternal grandmother, she has the right to visit the minor child at reasonable times.

Adoptive parents occupy the same position as the natural parents, with all the rights and duties of that relationship. (Civ. Code, § 228.) One of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child. (*In re White*, 54 Cal.App.2d 637, 640 [129 P.2d 706].) Although the rights of parenthood are not absolute, but subject to the superior right of the state to intervene and protect the child against abuse of parental authority, the state may not constitutionally interfere with the natural liberty of parents to direct the upbringing of their children. "The judicial power of the state, exercised through its courts, is concerned mainly with the *custody* of the child, which, under appropriate laws, may be brought under a court's supervision by guardianship proceedings, proceedings directly affecting the custody of the child, or suits for divorce or separation." (Italics added.) (39 Am.Jur. 603.) As shown above, there is no question in this case of custody, guardianship, or harmony between the parents. The supremacy of the mother and father in their own home in regard to the control of their children is generally recognized. "It is said that the natural rights of a father . . . are greater than those which any guardian can have. . . . The legal obligations of parenthood include the duties of support, of care and protection, and of education. As compensation therefor, the law recognizes certain rights in the parent. . . . So fundamental are the rights of parenthood that infringements thereof have been held to constitute an encroachment on the personal liberty of the parent forbidden by the Constitution. . . ." (39 Am.Jur., pp. 593, 594.)

In the case of *Robertson* v. *Robertson*, 72 Cal.App.2d 129 [164 P.2d 52], the divorced parents each had been given custody of a minor child for a certain part of each year, and the father sought and obtained an order of the trial court authorizing him to place the child in the care of the paternal grandparents during the period he was entitled to custody while he was in military service. In reversing that order, the court stated, at page 137: "Their [grandparents] right, if it can be called that, is no different from that of any third

person or stranger.'' The same rule would apply to the right of visitation by a grandparent where the parents have custody, and there is no question as to their fitness or ability to care for the child. There is nothing in the record which would indicate that the association of the plaintiff and her grandchild would be anything but beneficial to the child. However, the court does not have the power to compel the parents to allow the grandmother the right of visitation merely because the relationship is that of grandparent.

In a similar case, *Succession of Reiss* (1894), 46 La.Ann. 347 [15 So. 151], the court discussed various reasons why the jurisdiction of the court did not extend to granting such a privilege. In that case the maternal grandmother sought to compel the father, a widower, to send two minor grandchildren to visit her. Judgment was in favor of the grandmother, and it was ordered that the father send the children to visit the grandmother at certain times, and also that the grandmother should visit the children at the father's home at certain times. In annulling the judgment and dismissing the order, the Supreme Court of Louisiana stated, at page 352: ''While we appreciate the affection that moves her [the grandmother] to seek the occasional company of the offspring of her daughter, this court's jurisdiction does not include the cause pleaded. The issue is not incidental to any other cause. However disinclined we are to discountenance causes of action such as the one under consideration,—for they are inspired by a true and commendable impulse,—we find no authority in law to entertain jurisdiction of the issue presented. . . . In truth, the ascendants have certain rights that the law, in accord with nature, gives them; but only when the father and mother are dead, or are incapable of manifesting their will. During the existence of the father and mother, the law properly accords them [the ascendants] no authority over the children. To permit them to intervene would occasion embarrassment and annoyance; even more, it would injuriously hinder proper paternal authority by dividing it. . . . Without doubt it is desirable that the ties of affection that nature creates between the ascendants and their grandchildren be strengthened and unceasing, but, if there is a conflict, the father alone or the mother should be the judge. The law gives no right of action to the grandparents. The father may have good reasons to avoid all contact between his children and

their grandparents. . . . He owes no account to any one for his motives.''

Appellant also contends that, as trustee of the trust for the benefit of the minor child, she has the right of visitation. This contention is not sustained. As stated above, the child is not to receive the corpus of the trust, or any income therefrom, until she is 25 years of age, and, until that time, she is not entitled to any amounts for support, maintenance or education. The appellant, as such trustee, has the management and control of the trust estate, but the right to visit the beneficiary is not necessary for the proper administration of such an estate.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.