Albert SMITH, Appellant,

v.

Larry Lon PAINTER et ux., Appellees.

No. 4115.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1966.

Rehearing Denied Nov. 25, 1966.

Clayton, Kolander, Moser & Templeton, J. M. Kolander, Amarillo, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Miller, Sanders & Baker, Oth Miller, Amarillo, for appellees.

WALTER, Justice.

To the marriage union of Larry Lon Painter and Patricia Ann Painter was born a male child, Larry Lynn Painter. Mrs. Painter died. Mr. Painter married Cora Painter and she adopted the five year old child, Larry Lynn. Albert Smith, the father of the deceased mother of Larry Lynn, filed this suit for a mandatory injunction ordering the defendants to permit Larry Lynn to communicate with and visit him at reasonable times and places and asking that the defendants be enjoined from interfering, prohibiting or preventing communications and visitations between Larry Lynn and his grandfather.

The court granted the defendants' motion for a summary judgment and the plaintiff has appealed. His points are as follows:

"FIRST POINT

The Trial Court erred in holding that there was no evidence to go to a jury that it was to Larry's welfare and best interests that he be permitted to continue his visits and his natural relationship with his grandfather.

SECOND POINT

The Trial Court erred in holding, if he did, that the record conclusively discloses that it is to the welfare and best interest of Larry that he not be permitted to visit or continue his natural relationship with his grandfather.

THIRD POINT

The Trial Court erred in holding, if he did, that the court did not have jurisdiction of the present suit."

Appellant pleaded that the appellees had refused to allow him to communicate or visit with his grandchild, Larry, and thereby deprived him and his grandchild of their

civil rights guaranteed by the Constitution of the United States.

In support of his motion for a summary judgment, the appellee filed an affidavit which, among other things, contained the following:

"Since this adoption was final we have refused to permit the Plaintiff ALBERT SMITH to visit with LARRY LYNN PAINTER, for the reason that his conduct toward LARRY LYNN PAINTER has created grave disciplinary problems with the child and for the further reasons that it interrupted the family harmony of our other two children which in turn was affecting my present marriage union and prevented a wholesome atmosphere for myself, my wife and our three children."

This is not a child custody case. It involves the legal right, if any, of the grandfather to visit and communicate with his grandchild. No Texas case has been cited and we have failed to find one which controls the disposition of this case. There is nothing in this case which indicates that the child is not being properly cared for by his parents.

"The parents, either or both of them, must provide, care for, protect, and nurture their offspring to the best of their ability, and along the lines that will be to the child's interest physically, mentally, and morally. This is a legal duty as well as a moral or natural obligation, and it cannot be transferred to a third person except as authorized by law." 44 Tex.Jur.2d, page 66, Section 43.

We consider Succession of Reiss, 46 La.Ann. 347, 15 So. 151, 25 L.R.A. 798, by the Supreme Court of Louisiana to be sound in principle. The court said:

"Without doubt it is desirable that the ties of affection that nature creates between the ascendants and their grandchildren be strengthened and unceasing, but, if there is a conflict, the father alone or the mother should be the judge. The law gives no right of action to the grandparents. The father may have good reasons to avoid all contact between his children and their grandparents,—either that he fears that they may inculcate bad principles, or that they will unsettle the respect and affection due him. He owes no account to any one for his motives. They may be so intimate that the honor of the family requires that they shall remain a secret. Shall we say that the judge shall be the arbitrator between the grandparent and the father? The court of Bordeaux replies that the intervention of the tribunals would, as a consequence, render the dissensions of the family more pronounced by delivering them to the public." * * *

"The ties of nature will prove more efficacious in restoring kindly family relations than the coercive measures which must follow judicial intervention."

Based on the rationale of the above authorities, we overrule appellant's points and affirm the judgment.