**Marilyn Kay DEWEESE et vir, Appellants,**

**v.**

**Troy I. CRAWFORD et ux., Appellees.**

**No. 1084.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 26, 1975.

Rehearings Denied March 19, 1975.

T. Turner Pope, Kamp, Laswell & Pope, Houston, for appellants.

Comer Whitaker, Pasadena, J. Edwin Smith, Houston, for appellees.

CURTISS BROWN, Justice.

This case involves novel questions concerning grandparents' rights of visitation allowed under the provisions of section 14.03(d) of the Family Code, V.T.C.A. Related issues are also presented for determination.

Troy I. Crawford and wife, (Crawfords or appellees) instituted this action under the provisions of Section 14.03(d)· of the Texas Family Code shortly after its effective date. They sought visitation rights of their only natural grandchildren Gregory Barton and Rhonda Kay Deweese. Appellants Marilyn Kay Deweese and husband, Harold Deweese (Deweeses or appellants sometimes referred to in the briefs and record as DeWeese) filed a cross-action seeking appointment of themselves as managing conservators, an order for sums to be paid out of certain Social Security benefits, and an injunction against appellees.

The Court of Domestic Relations granted the natural grandparents visitation rights and denied all other relief sought except for certain attorney's fees ordered paid and other matters not at issue here.

Appellants have perfected this appeal assigning appropriate points contending: (1) that the adoption of the children by Harold Deweese on August 1, 1973, under the then applicable adoption statute, Article 46a, Section 9, Vernon's Tex.Rev.Civ. Stat.Ann. (1969), terminated all rights of the appellees (Points 1 through 6); (2) that if construed to permit such visitation rights, Section 14.03(d) is unconstitutional under certain provisions of the Constitution of the United States and the Constitution of the State of Texas (Points 10 through 12); (3) that appellants should have been appointed managing conserva-

tors and payments should have been ordered out of the Social Security benefits (Points 7 and 8); and (4) that appellees should have been restrained from any contact with the children by a writ of injunction (Point 9).

Appellees' only son married the present Mrs. Deweese. The children in question were born of this marriage. Difficulties arose which resulted in a divorce judgment between the parties on October 7, 1968. Custody was granted to the wife with visitation rights allowed appellees' son. Through the visitation rights existing in the son, appellees maintained a good relationship with their grandchildren until their son died on July 5, 1969. On August 1, 1973, Harold Deweese adopted the children, changing their names to Gregory Barton Deweese and Rhonda Kay Deweese. This suit was instituted by appellees on February 19, 1974, after the effective date of the present Family Code (January 1, 1974).

Appellees established that they were the natural paternal grandparents of the two minor children. These grandchildren are appellees' sole and only blood heirs. The records leave no doubt that appellees are devoted and loving grandparents who have cared well for the children during such time as they have been blessed by their company. In fact, the only adverse suggestion is that this devotion is so intense as to be smothering. They may have also attempted to keep their son alive in the minds and hearts of their grandchildren. The devotion to these children of their adoptive father and the natural mother is equally well established. No claim is made that appellants abuse or in any way mistreat the children nor is it asserted that either of them is an unfit parent.

■ The general rule in this country is that the obligation of the custodial parent to permit visitation of the grandchild by a grandparent is a moral obligation and not a legal right. *See*, Annot., 98 A.L.R.2d 325 (1964). It is generally held that the

courts will not enforce a right of visitation by a grandparent nor intervene in the relationship between the grandchild and the custodial parent. Gault, Statutory Grandchild Visitation, 5 St. Mary's L.J. 474 (1973).

Title 2 of the Texas Family Code (1975), effective January 1, 1974, provides in Section 14.03(d) that "[t]he court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce said decree."

The narrow question presented here is the effect of this provision when grandparents are seeking visitation rights to children previously adopted under the provisions of Article 46a, Tex.Rev.Civ.Stat. Ann. (1969), which reads as follows:

Sec. 9. When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adoptive child, all as if said child were their own natural child. For purposes of inheritance under the laws of descent and distribution such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption. The natural parent or parents of such child and their kin shall not inherit from or through said child, but said child shall inherit from and through its natural parent or parents. Nothing herein shall prevent any one from disposing of his property by will according to law. Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. The legal adoption of a child according to the laws of another State of the United States, residing in the State of Texas, shall be, in all respects, valid and binding as if the adoption had occurred in the State of Texas, insofar as the effects of the adoption and the right of inheritance may be concerned as provided in this Act.

The language, "[w]hen a minor child is adopted in accordance with the provisions of this Article all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parents or parents by adoption . . ." and "[s]uch adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well . . .", is controlling.

■ In Smith v. Painter, 408 S.W.2d 785 (Tex.Civ.App.-Eastland 1966), writ ref'd n. r. e. per curiam, 412 S.W.2d 28 (Tex. 1967), the Supreme Court was presented with a suit instituted by the grandfather of a child seeking to require an adoptive parent and a natural parent to permit the child to communicate and visit with the plaintiff. Summary judgment was rendered in favor of the defendant in the trial court and the Court of Civil Appeals affirmed relying upon the general rule and

certain language from the opinion in Succession of Reiss, 46 La.Ann. 347, 15 So. 151 (1894). The Supreme Court stated, "In view of the provisions of Article 46 (a), Section 9, Vernon's Ann.Tex.Civ.Stat., it is our opinion that summary judgment was properly rendered in favor of the natural father and adoptive mother." Smith v. Painter, *supra*, 412 S.W.2d at 28. We, therefore, hold that, as the children here had been adopted in 1973, under the provisions of Article 46a, appellees were not, in law, as of the time of institution of this action on February 19, 1974, "paternal grandparents" of the children within the meaning of Section 14.03(d) of the Family Code. This section is not retroactive so as to restore a relationship eliminated by the provisions of Article 46a.

This statute, as it existed at the time of the adoption here in question, has now been repealed. We find it unnecessary to decide the question as to whether the same rule would be applied in an adoption under the provisions of Sections 15.07, 16.03 and 16.09 of the Family Code as presently in effect.

■ We reject appellants' constitutional attack on the grandparents' visitation provision of the Family Code. We recognize that it might be generally said that the state may not constitutionally interfere with the natural liberty of parents to direct the upbringing of their children. Odell v. Lutz, 78 Cal.App.2d 104, 177 P.2d 628 (1947). We further recognize that while it is desirable that the ties of affection that nature creates between grandparents and their grandchildren be strengthened and unceasing, if there is a conflict, the father or the mother should be the judge. Succession of Reiss, *supra*. Judicial enforcement of such visitation rights might divide parental authority and bring the child into the midst of conflict and cause ill feeling between the parent and the grandparents. However, other circumstances may justify judicial intervention. Visitation privileges may be incident to a divorce proceeding wherein the parents consented or acquiesced in such visitation. The custodial parent may have voluntarily involved the grandparent in the upbringing of the child. In the final analysis, the question before the court will always be the *best interest* of the children involved. Keeping this in mind, the court can best determine to deny visitation rights in the best interest of the children where such would be damaging and disruptive and to allow such rights where it would be more harmful to do otherwise. The state has sufficient interest in the family relationship to permit legislation in this area.

■ Appellants next contend that the trial court erred in refusing to name them managing conservators. Section 14.01(a) of the Code gives a trial court discretion as to whether or not to appoint a managing conservator. The statute clearly vests the trial court with discretion in this regard and upon a review of the record we cannot say that there was any clear abuse of discretion in not so naming the Deweeses managing conservators. Landry v. Travelers Insurance Company, 458 S.W.2d 649 (Tex.Sup. 1970).

■ The Deweeses also sought an order to require Mr. Crawford to pay certain sums out of the Social Security benefits which he was receiving as Trustee for the children. Appellants, as adoptive father and natural mother of these children are principally responsible for their support and maintenance. They have not shown that they are unable to meet this obligation. Unless it be shown that the parents are unable to properly support and maintain these children, the Trustee may appropriately accumulate the fund and its revenues for their benefit subject to the regulations of the Social Security Administration. 42 U.S.C.A. § 405(j) (1970). Complaints as to his abuse of discretion or failure to pay over benefits is a question of federal law for which there is a federal administrative and judicial remedy. The court did not err in refusing such mandatory order with regard to the Social Security benefits.

 We also overrule appellants' point 9 complaining of the trial court's refusal to enjoin the appellees from any contact with the children. We have held that by virtue of the provisions of Article 46a, Section 9, appellees' rights as "paternal grandparents" had been terminated *in law*. As a practical matter, however, these children are and will remain the appellees' beloved grandchildren. We do not mean to suggest that they could not conduct themselves in the future in such a manner as to justify an injunction against them. The point is that they have not done so. While parents are entitled to exercise parental control of the whereabouts, custody and upbringing of their children, they are not thereby entitled to infringe upon appellees' rights. The appellees have attended public meetings and traveled public streets in the hope of seeing their grandchildren. This conduct is neither improper nor illegal. Upon the basis of the evidence presented, there is insufficient grounds for injunctive relief against the Crawfords.

 Finally, the appellants contend that the failure of the trial court to file findings of fact and conclusions of law demands reversal and remand of this case. We do not agree. There is nothing in the record to show that the initial or subsequent requests for findings of fact and conclusions of law were ever presented to the trial court. Therefore, the trial court did not err in failing to timely file such findings and conclusions. Texas Rules of Civil Procedure, rules 296, 297; LaPlace v. LaPlace, 390 S.W.2d 381 (Tex.Civ.App.-Texarkana 1965, no writ); Spradlin v. Rosebud Feed & Grain Co., 294 S.W.2d 301 (Tex.Civ. App.-Waco 1956, writ ref'd n. r. e.).

 Further, in Star Corporation v. Wolfe, 463 S.W.2d 292 (Tex.Civ.App.- Houston [14th Dist.] 1971, writ ref'd n. r. e.), this Court applied the rule that there is a presumption of injury where the trial court fails to file findings of fact and conclusions of law, where properly requested; however, if the record affirmatively shows no prejudice, then the failure to so file is not reversible error. We find that the record here, including the statement of facts, affirmatively shows that appellants have not been prejudiced. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944); Becker v. Schnieder, 335 S.W.2d 850 (Tex.Civ. App.-Austin 1960, no writ).

On the basis of the foregoing, we reverse the judgment of the trial court granting visitation rights to appellees and here render judgment in favor of the appellants. We affirm all of the remainder of the judgment of the trial court denying the additional relief sought by appellants.

Reversed and rendered in part and affirmed in part.