**Homer Wayne GOOLSBEE, Appellant,**

**v.**

**Vernon HEFT ex ux., Appellees.**

**No. 1022.**

Court of Civil Appeals of Texas, Tyler.

March 10, 1977.

Stephen R. Patterson, Nichols & Parker, Longview, for appellant.

Ebb B. Mobley, Mobley & Green, Longview, for appellees.

McKAY, Justice.

This case involves the question of whether a court may grant visitation rights to the maternal grandparents over the objection of the child's father. The appellees, Vernon Heft and wife, Dorothy Heft, (the grandparents) instituted this action seeking to be appointed managing conservators of the child, Colby Aaron Goolsbee, but later amended their pleadings to seek only specific access rights. The father made a motion to dismiss plaintiff's first amended petition on the grounds that the grandparents stated no cause of action in that they did not allege him to be an unfit parent. This motion was overruled. Following a hearing on the merits, the trial court granted the grandparents temporary possession of the child on every sixth week-end from noon on Thursday until 6:00 p.m. on the following Sunday. In addition, the court ordered the period of possession to be increased forty-eight (48) hours for those periods of possession nearest to the months of June and December. We are not presented with a statement of facts, nor does the transcript include either findings of fact and conclusions of law or a bill of exception.

Appellant, Homer Wayne Goolsbee (the father) alleges in his brief the following facts, to which the grandparents do not take exception: Colby Aaron Goolsbee was born to Homer Wayne Goolsbee and Vicki Heft Goolsbee on January 19, 1975. On

January 20, 1975, Vicki Goolsbee died as a result of complications arising from Colby's birth. The father still had a month to serve before being discharged from the United States Army, and because he did not feel he could care for the child at that time, he placed the child with the maternal grandparents, appellees in this case. Approximately one month later, the father was discharged from the Army, moved in with the grandparents, and began working for the grandfather. In October, 1975, the father became engaged to remarry. At that time he informed the grandparents that he was going to have to look for a better paying job as he, his new wife and the child would be starting a family of their own. During the next two months, the father was away from the child for short periods of time while he looked after his mother who had had surgery, worked out his wedding plans and attempted to find a new job. On December 2, 1975, when he returned to pick up the child, he was served with the grandparents' original petition in this case.

■ Appellant brings two points of error. The first complains that the trial court erred in overruling and denying the father's motion to dismiss the grandparents' first amended petition for failure to state a cause of action. Appellant contends that a parent, absent pleading and proof of unfitness, has the absolute right of custody and control over the child, and that a court cannot award a grandparent visitation rights over the objection of the parents. We disagree.

Section 14.03(d) of the Texas Family Code provides as follows:

"The Court may grant reasonable access rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce the decree."

This statute clearly gives the grandparents the right to judicially seek visitation rights to the child, and the court has the authority to order such visitation rights in favor of the grandparents. Such power is not subject to the will of the parent; otherwise, the statute would be without force.

Appellant contends that under the case law of this state, the grandparents have no such right to visitation, citing *Smith v. Painter*, 408 S.W.2d 785, 786 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e., 412 S.W.2d 28); *Green v. Green*, 485 S.W.2d 941 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.); *Deweese v. Crawford*, 520 S.W.2d 522 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Both the *Smith* case and the *Green* case were decided prior to the effective date, January 1, 1974, of Title 2 of the Family Code, of which Section 14.03(d) is a part. As such cases were decided under the prior law, which did not include the provision in question, they are not applicable to the case at bar. In the *Deweese* case, the grandchildren had been adopted by the natural mother's second husband, thus cutting off all rights of access of the natural father. The court held that since the grandchildren had been adopted by the second husband, the child's paternal grandparents were not "paternal grandparents" within the meaning of Section 14.03(d) of the Family Code and thus were not entitled to visitation rights. 520 S.W.2d at 526. The court also rejected the argument that Section 14.03(d) was unconstitutional. 520 S.W.2d at 526. In the present case there has been no adoption, and we find *Deweese* distinguishable on that basis. We overrule appellant's first point.

The wisdom of enacting the section of the Family Code involved here may be subject to question, but the authority of the Legislature to pass such legislation is not challenged.

■ Appellant's second point complains that the trial court erred in "instructing counsel for Petitioners and Respondent, prior to the hearing, that the Court would grant specific visitation rights to Petitioners if the parties could not agree upon the same." Even though there is no statement of facts or bill of exception before us confirming the occurrence of the alleged error, and preserving such as error, we hold that if such statement was error, it was harmless. Rule 434, T.R.C.P. We overrule appellant's second point.

The judgment of the trial court is affirmed.