Enrique BARRIENTOS, Sr., Appellant,

v.

Candleria GARZA, Appellee.

No. 19330.

Court of Civil Appeals of Texas,
Dallas.

Nov. 2, 1977.

James A. Rupard, Dallas, for appellant.

Paul M. Rothermel, Jr., Dallas, for appellee.

GUITTARD, Chief Justice.

The question for our decision is whether a grandparent may maintain an independent suit for access to a child under Texas Family Code Annotated, Section 14.03(d) (Vernon Supp.1976), when no managing conservator has been appointed. We hold that the grandparent may not maintain such a suit.

The children in this case were born to appellant, Enrique Barrientos and his wife Mary Lou, now deceased. In Mary Lou's lifetime her mother, Candleria Garza, lived in the home and helped with the children, and after her death Mrs. Garza assumed the mother's responsibility. After the father remarried, differences arose, and Mrs. Garza was required to move out. When further problems developed over Mrs. Garza's contacts with the children, she brought this suit to establish access rights under Texas Family Code Annotated, Section 14.03(d) (Vernon Supp.1976). After trial without a jury, the court entered an order awaiting Mrs. Garza "access to and visitation with the children . . . on every other Saturday from 9:00 A.M. until 5:00 P.M." The father appeals, contending that section 14.03 does not provide a grandparent an independent cause of action for access rights to a child in the custody of a fit custodial parent.

The question so presented requires interpretation of section 14.03, which provides:

(a) *If a managing conservator is appointed, the court may* appoint one or

more possessory conservators and *set the time and conditions for possession of or access to the child by the possessory conservators and others.*

(b) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

(d) *The court may grant reasonable access rights to either the maternal or paternal grandparents of the child* and issue any necessary orders to enforce the decree. [Emphasis added.]

The precise question is whether the condition expressed in subdivision (a), "If a managing conservator is appointed," applies to the subsequent subdivisions. We hold that it does. Unless a managing conservator has been appointed, then, by the express language of subdivision (a), no possessory conservator may be appointed. The same condition necessarily applies to subdivision (b), which concerns the rights of a possessory conservator appointed as authorized in subdivision (a). Likewise, subdivision (c), which concerns limitation or denial of possession or access of parents, can have no application unless a managing conservator has been appointed under subdivision (a) and a question arises concerning the rights of a parent who has not been appointed managing conservator.

Subdivision (d), like subdivisions (b) and (c), is not by its own language conditioned on appointment of a managing conservator. Nevertheless, our consideration of the entire section persuades us that subdivision (d), also, is subject to the condition expressed in subdivision (a). This conclusion is supported by that provision of subdivision (a) which authorizes the court to "set the time and conditions for possession of *or access* to the child by the possessory conservator and *others.*" [Emphasis added]. We

do not know what "others" may be referred to unless they include parents, whose access rights are mentioned in subdivision (c), and grandparents, whose access rights are governed by subdivision (d). Certainly, grandparents are included. This provision for determination of access rights, like the provision for appointment of possessory conservators, is expressly conditioned on appointment of a managing conservator.

Thus we read subdivision (a) to mean that if a managing conservator is appointed, the court may appoint possessory conservators and set the terms and conditions of their possession, and may also set the terms and conditions of access for other persons, including grandparents who may be granted rights of access under subdivision (c) or (d). If no managing conservator is appointed, then no terms or conditions of possession or access may be set.

█ The result of this interpretation is that if a child is in the custody of a parent whose rights and responsibilities do not depend on his appointment as managing conservator, that parent has responsibility and authority to determine what persons may have access to the child, and the terms and conditions of their access, and no order by the court is appropriate or authorized.

This interpretation is based on the language of section 14.03, but it is reinforced by considerations of policy. Before enactment of the Code, Texas decisions had settled the rule that a grandparent had no legal right of visitation with his minor grandchild over the objection of the parents or of a single parent having custody. *Green v. Green,* 485 S.W.2d 941 (Tex.Civ. App.—Eastland 1972, writ ref'd n. r. e.); *Smith v. Painter,* 408 S.W.2d 785 (Tex.Civ. App.—Eastland 1966, writ ref'd n. r. e. *per curiam,* 412 S.W.2d 28 (Tex.1967). This has been the general common law rule. *Veazey v. Stewart,* 251 Ark. 334, 472 S.W.2d 102 (1971); *Odell v. Lutz,* 78 Cal.App.2d 104, 177 P.2d 628 (Dist.Ct.App.1947); *Succession of Reiss,* 46 La.Ann. 347, 15 So. 151 (1894); *Flannery v. Sharp,* 151 Pa.Super. 612, 30 A.2d 810 (1943). That rule is based on a policy of non-interference with the authori-

ty and control of the custodial parent so as to avoid any harm likely to result to children from litigation over rights of visitation. Gault, *Grandparent—Grandchild Visitation,* 37 Tex.B.J. 433 (1974). Litigation concerning children is frequently bitter and emotionally charged, and the resulting harm to the children can be justified only on the ground of necessity to protect their best interests. Although grandparents usually have strong emotional ties to their grandchildren, and contact with grandparents are usually in the best interest of the children, we are persuaded that the children's interest will be better served, in the long run, by leaving such contacts to the discretion of the custodial parent rather than by permitting judicial intermeddling through the process of litigation.

We recognize that section 14.03(d) has changed the common law rule to the extent of authorizing courts to grant the grandparents rights of access in some circumstances. We think it unlikely, however, that the legislature intended to create an occasion for litigation whenever a disagreement might occur between a grandparent and the custodial parent concerning the grandparent's access to the child. We conclude that the intent was, rather, that when litigation affecting the parent-child relationship has already arisen, and the court has occasion to appoint a managing conservator, then the court may determine the access privileges of grandparents, as it may then determine the privileges of possession or access of a parent who is not appointed managing conservator. This conclusion is consistent with our understanding of the language of section 14.03 and would avoid the problems arising from independent suits by the grandparents, as recognized in the pre-Code Texas cases and the other authorities above cited.

We recognize also that this conclusion is contrary to that reached in *Goolsbee v. Heft,* 549 S.W.2d 34 (Tex.Civ.App.—Tyler 1977, no writ). That opinion, however, bears no evidence that the contentions raised were the same as those presented here. Thus, the Tyler court does not seem to have considered the language of subdivision (d) in the light of the preceding subdivisions of section 14.03, and neither does it discuss the possibility that the court's authority to grant rights of access to grandparents may be limited to cases in which a managing conservator has been appointed. Consequently, we do not consider that decision persuasive in the present case.

The judgment of the trial court is reversed and judgment is here rendered that the relief prayed for be denied.