**In the Interest of L. L. K., Jr., a Child.**

**No. 9013.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 5, 1979.

Thomas Giovannitti, Legal Aid Society of Lubbock, Inc., Lubbock, for appellant.

A. W. Salyars, Lubbock, for appellee.

DODSON, Justice.

In this appeal, we determine that the grandparents may not maintain an independent suit for access to their grandchild under section 14.03(d) of the Texas Family Code, unless a managing conservator is appointed for the child under section 14.03(a) of the Code.

Willis T. Winton, the step-grandfather, and Jean Winton, the maternal grandmother, instituted this independent action seeking appointment as possessory conservators of and for access to their grandchild. Drena Jean Nail, the natural mother of the child, answered by a motion to dismiss alleging, *inter alia*, that the petition failed to state a cause of action under section 14.03 of the Texas Family Code. After a hearing on the motion, the trial court dismissed the action. The Wintons appeal from the order of dismissal. We affirm.

On appeal, the Wintons maintain the trial court erroneously dismissed their petition because it states a cause of action under section 14.03(d). Drena Nail says the judgment is correct because the grandparents have no right of access to the child under 14.03(d) if no managing conservator is appointed under 14.03(a) of the Code.

Before the legislature enacted section 14.03 of the Texas Family Code, effective January 1, 1974, grandparents had no legal right of access to their grandchildren. *Barrientos v. Garza*, 559 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1977, no writ). Presently, section 14.03 of the Code provides that:

(a) If a managing conservator is appointed, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others.

(b) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

(d) If the court finds that it is in the best interests of the child as provided in Section 14.07 of this code, the court may grant reasonable access rights to either the maternal or paternal grandparents of the child; and to either the natural maternal or paternal grandparents of a child whose parent-child relationship has been terminated or who has been adopted before or after the effective date of this code. Such relief shall not be granted unless one of the child's legal parents at the time the relief is requested is the child's natural parent. The court may issue any necessary orders to enforce said decree.[1]

Tex.Fam.Code Ann. § 14.03 (Vernon 1975 & Vernon Supp. 1978–1979).

The Wintons did not plead for an appointment of a managing conservator for the child and no such appointment was

---

1. The present language of subdivision (d) became effective August 29, 1977. As originally enacted by the legislature, subdivision (d) provided: "The court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce said decree." The legislature has not amended the other subdivisions of section 14.03.

made by the court. Thus, the precise question is whether the *condition* expressed in subdivision (a), *i. e.,* "If a managing conservator is appointed," applies to the subsequent subdivisions of section 14.03. We conclude that it does.

By the express provisions of subdivision (a), unless a managing conservator is appointed, then, no possessory conservator may be appointed. The same condition precedent necessarily applies to subdivision (b). Also, subdivision (c) concerning the limitation or denial of possession or access of parents, can have no application unless a managing conservator is appointed under subdivision (a). In subdivision (d), the connecting phrase, "If the court finds," serves to relate this subdivision to the previous subdivisions and to integrate the four subdivisions into a pragmatic and workable unit.

When construing the original provisions of section 14.03,[2] the Dallas Court of Civil Appeals reached a similar result in *Barrientos v. Garza,* 559 S.W.2d 399 (Tex.Civ.App. —Dallas 1977, no writ). In *Barrientos,* the maternal grandmother brought an independent action against her son-in-law for access to her grandchildren under section 14.-03(d), as originally enacted. The court held that the condition expressed in subdivision (a), "If a managing conservator is appointed," applies to the subsequent subdivisions. *Id.* at 400.

The Dallas court acknowledged that section 14.03(d) changed the common law rule of no access by extending authority to the courts to grant grandparents rights of access in some circumstances. Interpreting the four subdivisions of section 14.03 in their proper context, however, the court concluded that the legislature intended to limit potential litigation to situations in which the court appoints a managing conservator under 14.03(a) rather than creating an independent action for each disagreement occurring between the grandparents and the custodial parents concerning the grandparents' access to the grandchildren. *Id.* at 401.

The court's interpretation of section 14.03 is further supported by the policy of judicial non-interference with the custodial parent's authority and control over his or her children, and the pragmatic policy of protecting the children from the potentially harmful effects of frequently bitter and emotionally charged litigation over rights of visitation.

> The effect of the decision in *Barrientos* is that if a child is in the custody of a parent whose rights and responsibilities do not depend on his appointment as managing conservator, that parent has responsibility and authority to determine what persons may have access to the child, and the terms and conditions of their access, and no order by the court is appropriate or authorized.

*Id.* at 400.

The Wintons rely on *Goolsbee v. Heft,* 549 S.W.2d 34 (Tex.Civ.App.—Tyler 1977, no writ) to support their position. In *Goolsbee,* the maternal grandparents brought an independent action against their son-in-law for access to their grandson under the original provisions of section 14.03(d). The appointment of a managing conservator was not requested nor made by the trial court. The Tyler court determined that subdivision (d) "clearly gives the grandparents the right to judicially seek visitation rights to the child, and the court has the authority to order such visitation rights in favor of the grandparents." *Id.* at 35.

In distinguishing *Goolsbee,* the Dallas court stated:

> That opinion, however, bears no evidence that the contentions raised were the same as those presented here. Thus, the Tyler court does not seem to have considered the language of subdivision (d) in the light of the preceding subdivisions of section 14.03, and neither does it discuss the possibility that the court's authority to grant rights of access to grandparents may be limited to cases in which a managing conservator has been appointed.

**2.** See footnote one for the original provisions of subdivision (d).

Consequently, we do not consider that decision persuasive in the present case. *Barrientos, supra,* at 401.

We agree with the Dallas court's interpretation of the original subdivisions of section 14.03 in *Barrientos,* and the rationale and the effect of its decision. We are further persuaded that the connecting phrase, "If the court finds," expressed in the 1977 amendment to subdivision (d), serves to reinforce our interpretation.

In summary, we overrule the Wintons' point of error. Accordingly, the trial court's judgment of dismissal is affirmed.