**In the Interest of K.L.M.**

No. 5541.

Court of Civil Appeals of Texas, Eastland.

Nov. 26, 1980.

Rehearing Denied Dec. 18, 1980.

S. Craig Smith, Law Offices of Windle Turley, P.C., Dallas, for appellant.

R. E. Thornton, Thornton, Thornton & Price, Olney, for appellee.

McCLOUD, Chief Justice.

The maternal grandparents of K.L.M. sued the child's natural and legal father, seeking reasonable access rights to the child pursuant to Tex.Fam.Code Ann. § 14.03 (Vernon 1975 and Supp.1980). Trial was to the court upon an agreed statement of facts. The father and mother of K.L.M. were married at the time of the mother's death in 1977, and the child has since resided with the father. No managing conservator has been appointed. The court granted reasonable access rights to the grandparents. The father argues that the grandparents have no independent cause of action, and that they may assert access rights only if a managing conservator has been appointed. We agree.

Prior to the enactment of the Texas Family Code, a grandparent had no legal right of visitation with a grandchild. *Green v. Green*, 485 S.W.2d 941 (Tex.Civ.App.–Eastland 1972, writ ref'd n. r. e.); *Smith v. Painter*, 408 S.W.2d 785 (Tex.Civ.App.–Eastland 1966), writ ref'd n. r. e. per curiam, 412 S.W.2d 28 (Tex.1967). Effective January 1, 1974, the Texas Family Code authorized courts, in some circumstances, to grant the grandparents right of access to grandchildren. The current section 14.03 provides:

(a) If a managing conservator is appointed, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others.

(b) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

(d) If the court finds that it is in the best interests of the child as provided in Section 14.07 of this code, the court may grant reasonable access rights to either the maternal or paternal grandparents of the child; and to either the natural ma-

ternal or paternal grandparents of a child whose parent–child relationship has been terminated or who has been adopted before or after the effective date of this code. Such relief shall not be granted unless one of the child's legal parents at the time the relief is requested is the child's natural parent. The court may issue any necessary orders to enforce said decree.[1]

In construing the original provisions of section 14.03, the court in *Barrientos v. Garza*, 559 S.W.2d 399 (Tex.Civ.App.–Dallas 1977, no writ) rejected the argument that grandparents have an independent cause of action for access. In examining the conditional language used in subdivision (a) wherein it states "If a managing conservator is appointed," the court found that such language logically applies to all subsequent subdivisions. The court stated:

> We think it unlikely, however, that the legislature intended to create an occasion for litigation whenever a disagreement might occur between a grandparent and the custodial parent concerning the grandparent's access to the child. We conclude that the intent was, rather, that when litigation affecting the parent–child relationship has already arisen, and the court has occasion to appoint a managing conservator, then the court may determine the access privileges of grandparents, as it may then determine the privileges of possession or access of a parent who is not appointed managing conservator.

Likewise, in the case of *In the Interest of L.L.K..*, 591 S.W.2d 626 (Tex.Civ.App.–Amarillo 1979, no writ), the court adopted the rationale of *Barrientos v. Garza*, supra, in construing the present language of section 14.03 following the 1977 amendment of subdivision (d). The court states, "In subdivision (d), the connecting phrase, 'If the court finds,' serves to relate this subdivision to the previous subdivisions and to integrate the four subdivisions into a pragmatic and workable unit."

We do not consider the case of *Goolsbee v. Heft*, 549 S.W.2d 34 (Tex.Civ.App.–Tyler 1977, no writ) to be persuasive. It is apparent that the contentions raised here, as in *Barrientos* and *L.L.K.*, were not presented there.

We hold that there is no independent cause of action for the right of access by grandparents, and that absent the appointment of a managing conservator, a court may not grant such rights under Tex.Fam. Code Ann. § 14.03(d). The judgment of the trial court is reversed and judgment is rendered that the relief sought by the grandparents is denied.

1. As originally enacted by the legislature, subdivision (d) provided: "The court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce said decree."