Lawrence DAVIS, Appellant,

v.

Benjamin and Irene ROSS, Appellees.

No. A14–83–772CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 1984.

Ellis C. McCullough, Houston, for appellant.

Benjamin & Irene Ross, pro se.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a default judgment rendered after appellant failed to answer or participate in the trial court below. The decisive issues on appeal are whether the trial court was authorized to render a default judgment granting grandparent access to a grandchild under the then existing Family Code, and whether there was sufficient evidence to support an award of custody of a grandchild to its grandparents. We conclude that despite appellant's failure to answer, both of the above actions were improper, and we accordingly reverse and remand the cause for further development.

In order to clarify the issues on appeal, we first briefly summarize the relevant facts. Benjamin and Irene Ross filed a petition seeking certain rights to their minor grandchildren, the son and daughter of Irene Ross' deceased daughter, Jane Marie Thibodeaux. They sought access to Shantell Davis, the daughter of Jane Marie and appellant Davis, and custody of Patrick Thibodeaux, the son of Jane Marie and James Oliver, whose whereabouts were alleged to be unknown. At the time of suit, both Shantell and Patrick resided with appellant, although Patrick was not related by blood to him. Appellant did not respond to appellees' petition, and the trial court granted both of appellees' requests after a short hearing, rendering a default judgment in their favor. Appellant now properly appeals this judgment by writ of error. *See generally Thomas Petroleum Products, Inc. v. Rulon Electric Co.*, 609 S.W.2d 890 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

In his first and second points of error, appellant argues that the order granting appellees access to Shantell was invalid. In considering these points we keep in mind the well-settled rules regarding review of default judgments. A default admits all properly alleged facts; however, the pleading must state a good cause of action within the jurisdiction of the court, and such judgment is improper if it affirmatively discloses the invalidity of the claim. *Stoner v. Thompson*, 578 S.W.2d 679, 684–85 (Tex.1979). The plaintiff must allege a claim upon which substantive law will give relief.

In the instant case, appellees' pleadings were controlled by Family Code section 14.-03. The section effective at that time provided as follows:

(a) If a managing conservator is appointed, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others.

.    .    .    .    .

(d) The court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child . . . .

Tex.Fam.Code Ann. § 14.03 (Vernon 1975). Two courts thereafter construed this section to mean that the appointment of a managing conservator was a prerequisite to the granting of grandparent access rights. *In re L.L.K.*, 591 S.W.2d 626 (Tex. Civ.App.—Amarillo 1979, no writ); *Barrientos v. Garza*, 559 S.W.2d 399 (Tex.Civ. App.—Dallas 1977, no writ). *But see Goolsbee v. Heft*, 549 S.W.2d 34 (Tex.Civ.App. —Tyler 1977, no writ). Along with considerations of basic statutory construction, the courts also reasoned that if a child was in the possession of a parent whose rights and responsibilities did not depend on his appointment as managing conservator, that parent should have the authority to determine who might have access to the child. *In re L.L.K.* at 628; *Barrientos* at 400. If no managing conservator had been appointed, any terms or conditions of access were to be left to the parent, not the courts. *Barrientos* at 400.

■ Although we are aware that the legislation here applicable has since been amended, we agree with the rationale of these earlier decisions and apply this interpretation of the statute as it then existed to our facts. Appellees here alleged that there were no court ordered relationships affecting the children who were the subjects of this suit. This necessarily implies that no managing conservator had been appointed. Consequently, under the rulings announced above, the court could not, by default judgment or otherwise, grant the grandparents access rights to Shantell. The pleadings were facially invalid, failing to state a good cause of action, and the default judgment rendered thereby improper. Appellant's first and second points of error are sustained.

■ Appellant next contends that the evidence was factually insufficient to support the award of "custody" of Patrick to appellees. Normally in a default judgment, all well-pled allegations of the moving party are accepted as admitted, and we are precluded from reviewing the facts. However, in a recent appeals decision, the court considered evidentiary points in a default judgment which changed conservatorship of minor children. *Armstrong v. Armstrong*, 601 S.W.2d 724 (Tex.Civ.App.— Beaumont 1980, writ ref'd n.r.e.). The court held that when the custody of a child is at issue, technical rules of practice and pleading are not necessarily controlling. *Armstrong* at 726. Rather, the paramount concern is the best interest of the child. We are in harmony with the reasoning in *Armstrong* and a review of the default judgment evidence is therefore proper.

■ The evidence here consisted of the testimony of Benjamin Ross, the sole witness examined at the hearing on the default judgment. Mr. Ross answered ten questions, concerning Patrick and Shantell, the most probing of which directed at whether he wanted to have Patrick as his own. There was no evidence about the adequacy or inadequacy Patrick's living conditions nor any suggestion of abuse or discontent. The single fact alleged in the pleadings was that Patrick "resented" appellant's treatment of him. We find that this evidence was factually insufficient to establish that it would be in Patrick's best interest to change possession. *See* Tex. Fam.Code Ann. § 14.07(a) (Vernon 1975). Appellant's third point of error is sustained.

Appellant also argues that service on him was improper. Specifically, he claims that the officer's return stating that service was attempted by delivering citation to appellant, and that he "would not take the paper but [who] picked it up after the officer left," did not meet the strict requirements of Rule 106 of the Rules of Civil Procedure. He argues that the return must affirmatively show that the officer informed the party who refused to accept service of the nature of process and that service was being attempted. *See Texas Industries, Inc. v. Sanchez*, 521 S.W.2d 133 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.); *Dosamantes v. Dosamantes*, 500 S.W.2d 233 (Tex.Civ.App.—Texarkana 1973, writ

dism'd). While we do not here dispute these holdings, they are here inapplicable. The officer's return stated that he attempted to serve the papers, but that appellant refused them. From such a statement we simply assume that appellant was aware that service was being attempted. In any event, this question is not controlling because of our disposition of the earlier issues.

Accordingly, the judgment is reversed and the cause remanded for further development in the trial court.