**Affirmed and Opinion Filed June 6, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01083-CV**

**RUSSELL JOHN HOLMES, Appellant**
**V.**
**EILAND COFFEE AT CANYON CREEK, LLC, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-01983**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Partida-Kipness

Appellant Russell John Holmes appeals the trial court's no answer default judgment rendered against him in a lawsuit filed by appellee Eiland Coffee at Canyon Creek, LLC (Eiland Coffee). We affirm.

## BACKGROUND

Eiland Coffee retained Modern Vintage Customs, LLC (MVC) to perform commercial remodeling and construction services at a retail coffee shop located in Richardson, Texas. Eiland Coffee maintains MVC did not complete the work for which the parties contracted, and Holmes used the money advanced to MVC by

Eiland Coffee for personal purposes. On February 18, 2022, Eiland Coffee sued MVC for breach of contract and unjust enrichment and Holmes for unjust enrichment and tortious interference with the MVC contract.

The return of service[1] filed with the trial court shows that the process server hand delivered the citation and original petition to Holmes on April 29, 2022, at 8:26 p.m. at his last known address in Keller, Texas. The return further states that the citation and original petition were "placed in front of Defendant, he refused to accept the documents, . . ."

When neither MVC nor Holmes filed an answer, Eiland Coffee filed a motion for default judgment on its claims. The trial court signed an order granting the motion for default judgment on June 23, 2022. Holmes filed an original answer and a motion for new trial, motion to reinstate, and motion for rehearing on July 25, 2022. The original answer included a general denial and asserted that Eiland Coffee's claims were barred by contributory negligence, estoppel, and waiver. The original answer included no purported facts. In the motion for new trial, Holmes made the following statements:

- He "has learned that a lawsuit has been filed in this matter and that a Motion for Default Judgment has been entered in this case."

---

[1] The return of service was not included in the Clerk's Record filed in this Court. After Eiland Coffee filed its appellee's brief, Holmes sought leave to supplement the clerk's record with the return of service. This Court granted the motion for leave, and the trial court clerk prepared and filed the requested supplemental record. Eiland Coffee then moved to strike the supplemental clerk's record. We carried that motion with the case and deny the motion contemporaneously with the issuance of this opinion.

- He "was unable to obtain representation prior to the entry of a Default Judgment and was given no notice of the Default Judgment in this matter."

- Good cause exists to grant a new trial because Holmes "was unable to obtain representation of counsel and was not aware that a default judgment had been filed or entered in this matter."

The only evidence submitted by Holmes in support of the motion for new trial was a copy of his original answer.

Eiland Coffee filed a response to the motion for new trial. On October 6, 2022, the trial court heard the motion for new trial and signed the order denying it. This appeal followed.

## ANALYSIS

In three issues, Holmes challenges the trial court's default judgment. Holmes maintains we should reverse the default judgment because he was not properly served with citation, good cause supports reversing the judgment, and the trial court abused its discretion by granting the motion for default judgment. Finding no error, we affirm.

## I. Proper Service

In his first issue, Holmes contends he was not served with Eiland Coffee's petition and, as a result, the default judgment was erroneously rendered. We review this issue de novo. *Mesa SW Mgmt., LP v. BBVA USA*, No. 05-20-01091-CV, 2022 WL 557474, at *2 (Tex. App.—Dallas Feb. 24, 2022, no pet.) ("Whether service was in strict compliance with the rules is a question of law that we review de novo.");

–3–

*Totz v. Owens*, No. 01-16-00753-CV, 2017 WL 2178890, at *3 (Tex. App.—Houston [1st Dist.] May 18, 2017, no pet.) (same).

"Generally, a person within the jurisdiction of a court has an obligation to accept service of process when it is reasonably attempted." *See Red Hot Enters., LLC v. Yellow Book Sales & Distrib. Co., Inc.*, No. 04-11-00686-CV, 2012 WL 3025914, at *2 (Tex. App.—San Antonio July 25, 2012, no pet.) (mem. op.) (first citing *Rogers v. Moore*, No. 05–05–01666–CV, 2006 WL 3259337, at *1 (Tex. App.—Dallas Nov.13, 2006, no pet.) (mem. op.), and then citing *Dosamantes v. Dosamantes*, 500 S.W.2d 233, 237 (Tex. Civ. App.—Texarkana 1973, writ dism'd)). A defendant who refuses to physically accept the process papers is held to have been personally served as long as the return affirmatively shows the papers were "deposited in an appropriate place in his presence or near him where he is likely to find them," and he was "informed of the nature of the process and that service is being attempted." *Rogers*, 2006 WL 3259337, at *1. A defendant's refusal to accept the process papers goes to show his awareness of the nature of the process and that service of process is being attempted. *See Davis v. Ross*, 678 S.W.2d 636, 638–39 (Tex. App.—Houston [14th Dist.] 1984, no writ) (court assumed that defendant was aware that service of process was being attempted based on officer's statement in return that he attempted to serve the defendant, but defendant refused to accept the papers); *see also Tex. Indus., Inc. v. Sanchez*, 521 S.W.2d 133, 135–36 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.) (holding evidence must show defendant was

–4–

informed of nature of the process and that service was being attempted, and recognizing that active avoidance of service indicates that defendant recognized service of process was being attempted).

Here, the return shows that Holmes refused to accept the process papers, and the process server placed the papers "in front of" Holmes. His refusal to accept the process papers indicates he was aware of the nature of the process and that service was being attempted. *See Red Hot Enters.*, 2012 WL 3025914, at *2. And the placement of the papers "in front of" Holmes was an appropriate location where he was likely to find them. *See id.* (placing the papers on the front porch, even if not in his presence, was an appropriate location where he was likely to find them); *see also Rogers*, 2006 WL 3259337, at *1 (the front desk of appellant's business was "an appropriate place near appellant, where he was likely to find the papers" after appellant refused the papers while sitting in a vehicle outside of the business). Under this record, we conclude Holmes was properly served and we overrule his first issue.

## II.    Denial of Motion for New Trial

In his second and third issues, Holmes asserts the default judgment should be vacated because good cause exists to vacate the default judgment, and the trial court abused its discretion by denying the motion for new trial. These issues are subject to review under the abuse of discretion standard. *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.) (we review the denial of a motion for

new trial for an abuse of discretion). To be entitled to a new trial, a party must satisfy the three elements of the *Craddock* test:

> (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident;
>
> (2) the motion for new trial sets up a meritorious defense; and
>
> (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The defaulting party has the burden of proving all three elements of the *Craddock* test are met before a trial court is required to grant a motion for new trial. *See Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *See Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). Holmes failed to meet any of the *Craddock* elements here.

## A. Failure to answer

A defendant satisfies his burden under the first *Craddock* element when his factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012). In determining whether there is intentional disregard or conscious indifference, the trial court examines the knowledge and acts of the parties who failed to appear. *Perry*

–6–

*v. Benbrooke Ridge Partners L.P.*, No. 05-16-01486-CV, 2018 WL 2138957, at *2 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.). "A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather it must also be without justification." *Id.* Proof of justification such as accident, mistake or other reasonable explanation will negate intent or conscious indifference. *Id.*

In his motion for new trial, Holmes asserted that he failed to answer because he (1) could not find counsel before the default judgment was entered, and (2) was unaware a default judgment had been filed or entered. Neither assertion establishes the first prong of the *Craddock* test.

The inability to find an attorney does not automatically negate intentional or consciously indifferent conduct. *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344–45 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Zappavigna v. Zappavigna*, No. 02-11-00472-CV, 2013 WL 1234913, at *2 (Tex. App.—Fort Worth Mar. 28, 2013, no pet.) (mem. op.). Here, Holmes's admission that he sought but could not find counsel before his deadline to answer shows that he had notice of the lawsuit but chose not to answer or appear and demonstrates an intentional or conscious failure to appear, not a mistake or accident. *See Zappavigna*, 2013 WL 1234913, at *2 (denial of new trial affirmed where party knew of the trial date but did not contact the trial court regarding her inability to attend or attempt to secure new counsel). Further, Holmes presented no evidence or argument to negate a finding that the failure to answer was

intentional or the result of conscious indifference and was not due to his own fault or negligence. *See Imkie*, 326 S.W.3d at 344 (denial of new trial affirmed where party provided no evidence that her failure to have counsel at the hearing was not due to her own fault or negligence). Holmes's statement that he was unable to find counsel does not meet the first prong of *Craddock*.

Holmes also argues that a new trial was warranted because "he was unaware that a default judgment had been filed or taken in the matter." We disagree. A defendant is not entitled to notice of a default judgment hearing where, as here, the defendant does not make an appearance or file an answer after being served. *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied) ("after a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition."); *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that if a defendant does not make an appearance or file an answer, the plaintiff is not required to give the defendant notice of the hearing before the court renders the default judgment). Under Texas law, a defendant receives all the notice it is entitled to receive when it is served with process. *See Cont'l Carbon Co.*, 27 S.W.3d at 189. Here, Holmes received that notice when he refused service and the process server left the papers in front of Holmes. As for notice of the default judgment, the record shows Holmes

received notice of the default judgment and timely sought a motion for new trial after receiving that notice.

Neither of Holmes's excuses for failing to answer negate a finding that his conduct was intentional or consciously indifferent. Under this record, we conclude Holmes failed to meet his burden to prove the first prong of the *Craddock* test. *See Imkie*, 326 S.W.3d at 344–45; *see also Zappavigna*, 2013 WL 1234913, at *2. As such, the trial court did not abuse its discretion by denying the motion for new trial.

### B. Meritorious defense

The second Craddock element requires the defendant to "set[ ] up a meritorious defense." *Craddock*, 133 S.W.2d at 126. A meritorious defense is one that, if true, would cause a different result on retrial, though it need not be a totally opposite result. *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.). "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927–28 (Tex. 2009) (per curiam) (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). "Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.* at 928. "Once such requirements are met, controverting evidence offered by the nonmovant should not be considered." *Id.* A defendant satisfies the second *Craddock* element if his motion for new trial "alleges

facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.*

Holmes contends his answer, which was filed with the motion for new trial, set up a meritorious defense. But his answer was merely a general denial with affirmative defenses listed. The answer did not set out facts from which a meritorious defense could be gleaned. Merely filing an answer such as this with the motion for new trial is not sufficient to show a meritorious defense as required by *Craddock*. *See Mackay v. Charles W. Sexton Co.*, 469 S.W.2d 441, 444 (Tex. App.—Dallas 1971, no writ) (conclusory statement that he had a meritorious defense is insufficient). Moreover, the motion for new trial included no argument or discussion concerning a meritorious defense. Under this record, we conclude Holmes did not meet this prong of the *Craddock* test.

### C.    Delay or injury

The purpose of the third *Craddock* element is "to protect a plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial, 'such as a loss of witnesses or other valuable evidence.'" *Dolgencorp*, 288 S.W.3d at 929 (quoting *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994)). Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of proof of injury shifts to the plaintiff. *L'Arte De La Mode, Inc.*, 395 S.W.3d at 297.

–10–

Here, Holmes's motion for new trial included no allegation, argument, or evidence showing that granting the motion would not cause delay or injure Eiland Coffee. The motion included no allegation that granting a new trial will not injure Eiland Coffee. Holmes's counsel stated at the hearing that Eiland Coffee would not be harmed by allowing a new trial. We do not consider counsel's statements as evidence, however, because the hearing was not evidentiary, counsel's statements were not tendered or admitted as evidence, and counsel's statements were not made under circumstances that clearly indicated counsel was tendering evidence on the record based on personal knowledge. *Compare Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding attorney's unsworn statements tendered as evidence were sufficient absent objection), *and Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) ("the oath requirement was waived when neither raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge on the sole contested issue"). Under this record, we conclude Holmes failed to meet his burden of proof on the third and final prong of the *Craddock* test.

## CONCLUSION

Holmes was properly served with process and failed to establish his entitlement to a new trial following the trial court's default judgment against him.

Accordingly, we overrule Holmes's appellate issues and affirm the trial court's default judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

221083F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

RUSSELL JOHN HOLMES,
Appellant

No. 05-22-01083-CV      V.

EILAND COFFEE AT CANYON
CREEK, LLC, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-01983.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and Miskel
participating.

In accordance with this Court's opinion of this date, the default judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee EILAND COFFEE AT CANYON CREEK, LLC recover its costs of this appeal from appellant RUSSELL JOHN HOLMES.

Judgment entered this 6th day of June 2023.