Affirmed and Memorandum Opinion filed December 2, 2008








Affirmed
and Memorandum Opinion filed December 2, 2008.

 

                                                                              

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00638-CV

_______________

 

IN THE INTEREST OF I.M.S., J.I.E., & A.L.S. AKA
A.S.

 

                                                                                                                                              


On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 2007-14767

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Maria Serrano, appeals
from the trial court=s order dismissing her suit seeking possession of or access
to her grandchildren.  Dismissal was predicated on the trial court=s finding that she did not have
standing under Texas Family Code _ 102.006(a)(3) (Vernon Supp. 2008).  Serrano contends
that (1) the statute applied by the trial court violated federal and state
constitutional provisions; (2) she has standing to bring suit under an amended
version of the statute; and (3) the amended statute should have been applied to
this case.  We affirm.

Background








On January 22, 2007, the trial court
held a hearing on two suits filed by the Texas Department of Family and
Protective Services (Athe Department@) to terminate the parent-child relationship
of both parents with respect to minors I.M.S. and J.I.E., and with respect to
infant A.L.S.  The trial court signed an order terminating the parent-child
relationship of both parents with respect to I.M.S. and J.I.E. on January 31,
2007.  The record contains no order regarding termination of the parent-child
relationship with respect to infant A.L.S.; however, a transcript of the
January 22, 2007 hearing clearly establishes that the trial court terminated
the parent-child relationship of both parents with respect to A.L.S.

The Department=s employee in charge of the children=s cases testified at the January 22,
2007 hearing that all three children were placed in the care of appellant _ their grandmother _ and her husband.  She further
testified that all of the children=s needs were being met, and that this
placement was in the children=s best interest.  The Department=s employee also testified that the
plan for the children following termination of parental rights was for
appellant and her husband to adopt the children, and that this also was in the
best interest of the children.  Appellant=s testimony at this hearing confirmed
that she intended to adopt the children.

In early February 2007, the
Department received a new status report on the children and removed them from
appellant=s care.  On February 14, 2007, the trial court held a hearing on the
removal of the children from appellant=s care, during which appellant
admitted to the trial court that she had violated an earlier court order.  The
record contains no documentation or transcript from the February 14, 2007
hearing.

Appellant filed an original petition
for possession or access as a grandparent on March 13, 2007.  At some point
between February 14, 2007 and July 26, 2007, an adoptive family filed a
petition for adoption of the children to which the Department consented.  The
record contains no documentation from the adoption petition, nor does the date
this petition was filed appear in the record or in the parties= briefing.








The trial court held a hearing on
appellant=s petition for possession or access on July 26, 2007.  The Department
asserted that it did not wish appellant to have possession or access due to the
circumstances surrounding the February removal of the children from her care,
and made an oral motion that appellant=s petition be dismissed.  The
adoptive family joined in this oral motion and asserted that appellant had no standing
under Texas Family Code _ 102.006(a)(3).  Appellant agreed with the adoptive family=s argument and conceded that section
102.006(a)(3) Ais almost fatal to me;@ she also asserted that the statute may violate the AOpen Courts@ provision of the Texas Constitution
and the equal protection guarantees of the United States Constitution and the
Texas Constitution.

The trial court referred to appellant=s admission at the February 14, 2007
hearing that she had violated a court order; according to the trial court, this
violation Aput the children in jeopardy.@  The trial court found that
appellant did not have standing to file suit because of section 102.006; denied
appellant access or possession; and struck her pleadings.  In its written order
signed on July 26, 2007, the trial court found that Apursuant to 102.006 of the Texas
Family Code, [appellant] does not have standing to file an Original Suit for
Access,@ and that such access would not be in
the children=s best interest.  Appellant appeals from this order.

Analysis

The standard of review for an order
of dismissal for lack of standing is the same as that for an order of dismissal
for lack of subject matter jurisdiction, which is de novo.  See Tex.
Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).   We
take the factual allegations in the petition as true and construe them in favor
of the pleader.  Id.

In her petition, appellant relied on
sections 102.003(a)(11) and 102.004(a)(1) of the Texas Family Code as her basis
for standing;[1] the Department
asserted at trial that section 102.006(a)(3) governed standing and barred
appellant=s claim.  The trial court based its ruling on section 102.006(a)(3),
which stated as follows at the time appellant=s suit was filed:








(a) Except as provided by Subsection (b), if the
parent-child relationship between the child and every living parent of the
child has been terminated, an original suit may not be filed by:

 

(3) a family member or relative by blood, adoption, or
marriage of either a former parent whose parent-child relationship has been
terminated or of the father of the child.

 

Tex. Fam. Code Ann. _ 102.006(a)(3) (Vernon 2002).  

Appellant concedes that she lacks
standing to bring suit for access to or possession of her grandchildren under
section 102.006(a)(3) because she is a relative by blood of a former parent
whose parent-child relationship has been terminated.  Appellant argues on
appeal that section 102.006 violates state and federal constitutional
provisions as applied to her case, and that, in the alternative, section
102.006(c) _ added
to the statute after her suit was filed but before the July 26, 2007 hearing _ confers standing upon her to file
suit for access or possession and should have been applied by the trial court. 
Section 102.006(c) states that A[t]he limitations on filing suit imposed by this section do
not apply to an adult sibling of the child, a grandparent of the child . . . if
the adult sibling, grandparent, aunt, or uncle files an original suit or a suit
for modification requesting managing conservatorship of the child . . . .@  Id. _ 102.006(c) (Vernon Supp. 2008).   

The Department contends appellant=s constitutional arguments are
meritless; that section 102.006(c) applies only to suits requesting managing
conservatorship; and, in the alternative, appellant=s suit also is barred by Texas Family
Code _ 153.434 (Vernon Supp. 2008).

I.          Appellant=s Constitutional Claims








Conceding that section 102.006(a)(3)
bars her from filing suit for possession of or access to her grandchildren,
appellant asserts that this provision violates the AOpen Courts@ provision of the Texas Constitution
and the equal protection clauses of the United States Constitution and the
Texas Constitution.  Appellant also asserts on appeal that section
102.006(a)(3) violates guarantees of trial by jury and due process of law under
the United States Constitution and the Texas Constitution.

We first address preservation.  To
preserve a complaint for appellate review, the complaining party must present
the complaint to the trial court by timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  This requirement applies to constitutional claims,
including those raised in family law cases.  See Tex. Dep=t of Protective & Regulatory
Servs. v. Sherry, 46
S.W.3d 857, 861 (Tex. 2001).  Additionally, an appellant=s brief must contain a clear and
concise argument for her contention made, including appropriate citations to
authorities and to the record; otherwise, the contention is waived.  See
Tex. R. App. P. 38.1(h); Halim v. Ramchandani, 203 S.W.3d 482, 487 n.7
(Tex. App.BHouston [14th Dist.] 2006, no pet.).

Appellant failed to raise her
arguments that section 102.006(a)(3) violated her constitutional rights to
trial by jury and due process of law before the trial court; these arguments
therefore are waived and leave us with nothing to review on appeal.  See
Tex. R. App. P. 33.1(a)(1); Sherry, 46 S.W.3d at 861.  Appellant cites
Amendment XIV of the United States Constitution in her brief, but on appeal
argues only that the trial court violated her right to due process under this
provision.  Appellant cites Article I, Section 3a of the Texas Constitution
once in her brief and does not argue that the trial court violated her equal
protection rights under this provision.  Because appellant on appeal failed to
argue violations of her equal protection rights under these constitutional
provisions, these arguments are waived and she leaves us with nothing to review
on these points.  See Tex. R. App. P. 38.1(h); Halim, 203 S.W.3d
at 487 n.7.[2]








Appellant argued to the trial court
and contends on appeal that section 102.006(a)(3) violates the Texas
Constitution=s AOpen Courts@ provision.  This is the only
constitutional argument preserved for our review.  The AOpen Courts@ provision of the Texas Constitution
applies only to statutory restrictions on cognizable common law causes of
action.  See Tex. Const. art. I, _ 13; Peeler v. Hughes & Luce, 909 S.W.2d
494, 499 (Tex. 1995).

Appellant cites no case law
establishing that grandparents have a common law right to possession of or
access to their grandchildren.  Texas case law confirms that no such right
existed at common law; the right, if any, is statutory.  See In the Interest
of K. L. M., 609 S.W.2d 314, 315 (Tex. Civ. App.BEastland 1980, no writ) (no
independent cause of action for the right of access by grandparents exists
outside of any statutory relief afforded); In the Interest of L. L. K.,
591 S.W.2d 626, 627 (Tex. Civ. App.BAmarillo 1979, no writ) (grandparents
had no legal right of access to their grandchildren before the state
legislature created one by statute in 1974); see also Barrientos v.
Garza, 559 S.W.2d 399, 400-01 (Tex. Civ. App.BDallas 1977, no writ) (general common
law rule in Texas and elsewhere before statutory change had been that
grandparents had no legal right of visitation with minor grandchildren).  

Appellant argues that grandparents
have a fundamental right to possession or access because the United States
Supreme Court has not expressly rejected such a right.  See generally Troxel
v. Granville, 530 U.S. 57 (2000).  Appellant=s reliance upon Troxel is
misplaced.  

Troxel involved a challenge under the Due
Process Clause of the United States Constitution to a Washington state statute
entitling any person to petition the court for visitation at any time.  Id.
at 60, 65.  The Court held that the Washington statute under which the children=s paternal grandparents petitioned
for visitation rights to their grandchildren born out of wedlock _ an action which was opposed by the
children=s mother _ violated the fundamental liberty
interest of parents in the care, custody, and control of their children.  Id.
at 60-61, 65-67.  








The statute at issue in Troxel
permitted Aany person@ to petition a trial court for visitation rights Aat any time,@ and authorized the trial court to
grant such visitation rights whenever it found Avisitation may serve the best
interest of the child.@  Id. at 60.  The case centered on two girls whose
parents never married, but whose father lived with his parents and regularly
brought the girls to his parents= home for weekend visitation.  Id. 
After the girls= father committed suicide, the paternal grandparents
continued to see their granddaughters on a regular basis for a few months; the
girl=s mother then informed the paternal
grandparents that she wished to limit their visitation to one short visit per
month.  Id. at 60-61.  The paternal grandparents sued, seeking more
visitation rights than the mother wished to allow.  Id. at 61-62.  The
trial court found that more visitation with the grandparents was in the girls= best interest and ruled in favor of
the grandparents.  Id.

The Washington Supreme Court held
that the visitation statute violated the United States Constitution by
infringing on the fundamental right of parents to rear their children.  Id.
at 63.  The United States Supreme Court affirmed the Washington Supreme Court=s judgment.  Id.  The Court
determined that the statute=s broad language effectively allowed any third party seeking
visitation to subject any visitation decision by a parent to review by a trial
court, and that once the matter came before a trial court a parent=s decision that visitation was not in
the child=s best interest was accorded no deference.  Id. at 67.  

The practical effect of the statute,
according to the United States Supreme Court, was that a trial court could
disregard and overturn any decision by a fit custodial parent concerning
visitation based solely on the trial court=s determination of the child=s best interest.  Id.  Such
usurpation of a parent=s fundamental right to rear his or her children exceeded the
bounds of the Due Process Clause.  Id. at 68.  In its analysis, the
Supreme Court summarized nearly eight decades of its own case law establishing
this fundamental liberty interest of parents.  Id. at 65-66.  The Court
did not indicate that this same interest should be recognized for persons other
than parents.  Id.  








The facts, statutory and
constitutional provisions, and analysis at issue in Troxel differ from
the circumstances here.  Troxel involved a suit brought by grandparents
seeking expanded visitation rights against a parent who had not been deemed
unfit by the state and who opposed more visitation for the grandparents.  See
id. at 60-62.  The present case involves a suit that was brought _ after both parents= rights had been terminated by the
trial court _ by a
grandparent who was found by the trial court to have violated a court order and
jeopardized the safety of her grandchildren against a state agency which
opposes any visitation rights for the grandmother.  In Troxel, the
children still lived with their natural mother and also had been adopted by
their mother=s husband by the time the trial court=s decision was appealed.  See id. 
In this case, the children had lived with appellant with state approval until
appellant violated a court order and endangered the children, at which point
the children were removed from her care.  Further, the children at issue in
this case were to be adopted by another family with state approval shortly
after the July 26, 2007 hearing.

The statute at issue in Troxel
explicitly conferred standing to file suit for visitation rights,
while the statute in this case limits standing to file suits
affecting the parent-child relationship and makes no explicit mention of rights
to possession or access.  See id. at 60.  The constitutional provision
at issue in Troxel was the Due Process Clause of the United States
Constitution, not the AOpen Courts@ provision of the Texas Constitution.  See id. at 63. 
Our analysis of the AOpen Courts@ provision depends upon whether grandparents have a common
law right to possession of or access to their grandchildren; the analysis in Troxel
contemplated whether the statute at issue violated a fundamental right
protected under the United States Constitution.  See id. at 63, 65-66. 
In light of the differences between Troxel and this case, Troxel
offers no support to appellant=s argument.  

We overrule appellant=s issue regarding the
constitutionality of Texas Family Code _ 102.006(a)(3) under the AOpen Courts@ provision.

II.        Appellant=s Standing Under Texas Family Code
Section 102.006(c)








Appellant contends on appeal that
section 102.006(c) _ added to the statute after her suit was filed but before the July 26,
2007 hearing _ confers
standing upon her to file suit for access or possession and should have been
applied by the trial court.  While it is not apparent from the record that this
assertion was explicitly made in the trial court, we read the record on appeal
and the trial court=s discussion of section 102.006 generously so that it
includes this argument, and we therefore reach this issue.  See Tex. R.
App. P. 38.9.

Statutory construction is a legal
question that we review de novo, ascertaining and giving effect to the
legislature=s intent as expressed by the plain and common meaning of the statute=s words.  F.F.P. Operating
Partners, L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex. 2007).  In construing a
statute, our primary objective is to determine the legislature=s intent, which, when possible, we
discern from the plain meaning of the words chosen.  State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006).  

We presume that every word of a
statute was used for a purpose, and, likewise, that every omitted word was
excluded for a purpose.  Cameron v. Terrell & Garrett, Inc., 618
S.W.2d 535, 540 (Tex. 1981).  We must consider the statute as a whole rather
than its isolated provisions.  Helena Chem. Co. v. Wilkins, 47 S.W.3d
486, 493 (Tex. 2001).

As noted earlier, section 102.006(c)
reads as follows: AThe limitations on filing suit imposed by this section do not
apply to an adult sibling of the child, a grandparent of the child . . . if the
adult sibling, grandparent, aunt, or uncle files an original suit or a suit for
modification requesting managing conservatorship of the child . .
. .@  Tex. Fam. Code Ann. _ 102.006(c) (emphasis added).  This
subsection was added by legislation effective on June 15, 2007, which was after
appellant filed her suit but before the July 26, 2007 hearing on her suit.  See
id. 

Appellant=s assertion that section 102.006(c)
afforded her standing in her suit for possession and access relies on a
misreading of this subsection.  The plain language of the statute states that
it applies to suits Arequesting managing conservatorship.@  See id.  The inclusion of
this specific language establishes that only suits requesting managing
conservatorship are governed by this subsection.  See Cameron, 618
S.W.2d at 540 (every word included in or excluded from a statute is included or
excluded for a purpose).  








Appellant did not seek relief in the
form of a request for managing conservatorship.  Instead, her suit seeks
possession of or access to her grandchildren.  Because it is evident from the
plain meaning of the statute=s language that section 102.006(c) was intended by the
legislature to apply only to suits requesting managing conservatorship,
appellant may not rely on it to confer standing upon her in this case.

We overrule appellant=s issue regarding the applicability
of Texas Family Code _ 102.006(c) to a suit for possession or access.

III.       Should Trial Court Have
Applied Section 102.006(c)?

Appellant contends on appeal that
section 102.006(c) should have been applied by the trial court because it was
added to the statute before the July 26, 2007 hearing on her petition for
possession or access.  Having concluded that section 102.006(c) would not have
established standing even if it applied, we need not address this issue. 

We overrule appellant=s issue regarding whether the trial
court should have applied section 102.006(c).

The trial court=s order is affirmed.

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed December 2, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.









[1]           It should be noted that neither section of
the Texas Family Code applies in this case.  Section 102.003(a)(11) applies
when a parent is deceased, not when her rights have been judicially
terminated.  See Tex. Fam. Code Ann. _
102.003(a)(11) (Vernon Supp. 2008).  Section 102.004(a)(1) applies to a suit
requesting managing conservatorship.  See id. _ 102.004(a)(1) (Vernon Supp. 2008).  On appeal,
appellant no longer relies on these sections as a basis for standing.





[2]           In addition, appellant fails to explain how
Article I, Section 3a of the Texas Constitution would apply to this case when
there is no indication in the record nor any argument by appellant that the
trial court denied her equal rights based on her Asex, race, color, creed, or national origin.@  Tex. Const. art. I, _ 3a.